STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
Assistant United States Attorney

      450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
      Telephone: (415) 436-7200
      FAX: (415) 436-7234
      Eric.Cheng@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 19-0120 CRB |
|     Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
|   v. | Date:   June 9, 2021 |
| RICCI LEE WYNNE, | Time:  11:00 a.m. |
|     Defendant. | Judge: Hon. Charles R. Breyer |

## I.    INTRODUCTION

      In 2018 and early 2019, defendant Ricci Lee Wynne—a five-time convicted felon for first degree burglary and various narcotics charges—marketed cocaine for distribution on the Snapchat messaging application.  On January 10, 2019, police searched his San Francisco residence and found more than 100 grams of cocaine, a Glock 9mm semiautomatic pistol loaded with twelve rounds of ammunition, and a pelican case filled with other drugs, while locating multiple females including an underage juvenile girl inside.  A search of defendant's person that day had revealed over $6,000 in U.S. currency and a ski mask, along with additional drugs.  The defendant was charged and convicted of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), and for possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

1    The Guidelines provide for a sentencing range of 151 to 188 months of imprisonment for the

2    defendant's crimes, given that defendant is a career offender.  For the reasons set forth below, the United

3    States respectfully requests that the Court impose a term of imprisonment on the defendant at the low

4    end of the Guidelines sentencing range, followed by three years of supervised release with the expanded

5    search condition agreed upon by the parties.  In view of the seriousness of the offense and the need to

6    suitably punish the defendant, the need to protect the public in view of defendant's history, and the need

7    for deterrence, the government submits that this is a reasonable sentence based on a consideration of the

8    Guidelines and the factors under 18 U.S.C. § 3553(a).

9    **II.    BACKGROUND**

10        **A.    Factual Background**

11        From age 20 in 2006 to age 27 in 2013, defendant Ricci Lee Wynne accumulated a lengthy

12    criminal history around Northern California.  (Presentence Investigation Report ("PSR") ¶¶ 34–43.)  The

13    defendant was convicted of crimes approximately ten times, including one felony conviction for first-

14    degree burglary involving a knife assault on a victim (in 2012) and four felony controlled substance

15    offenses (involving Feb. 2011, Nov. 2011, 2012, and 2013 arrests).  (PSR ¶¶ 41, 37, 40, 42, 43.)

16        In 2018, police officers received a report that defendant was armed and involved in human and

17    narcotics trafficking.  (PSR ¶ 7–8.)  Upon monitoring defendant's account on Snapchat, officers

18    observed videos of defendant marketing cocaine in San Francisco, including a video post offering a

19    "cocaine buffet," along with videos depicting three women.  (PSR ¶ 8.)  Following further investigation,

20    police obtained a warrant and on January 10, 2019, once police officers approached defendant and

21    identified themselves as police, defendant began running.  (PSR ¶ 9–10.)  After a short foot pursuit, a

22    search of defendant's person revealed, among other things, $6,185 in U.S. currency, a ski mask, and

23    marijuana.  (PSR ¶ 11.)  Officers then searched the defendant's residence in San Francisco pursuant to a

24    search warrant.  (PSR ¶ 12.)  There, officers located cocaine, marijuana, a digital scale, and a loaded

25    Glock pistol that was later determined to be stolen out of the city of Fremont.  (PSR ¶¶ 12–13.)  Officers

26    also found two females—one of which was an underage juvenile girl.  (PSR ¶ 12–14.)  In total, 105.4

27    grams of cocaine from that search were attributable to defendant.  (PSR ¶ 15.)

28        On March 14, 2019, defendant was charged in an indictment with one count of violating

18 U.S.C. § 922(g)(1), felon in possession of a firearm, and one count of violating 21 U.S.C. § 841(a)(1) and (b)(1)(C), possessing cocaine with intent to distribute.  (PSR ¶ 1.)  The defendant pleaded guilty to the two counts on June 25, 2019.  (PSR ¶ 2.)

### B.    Guidelines Calculation

Given that the total offense level is 29 and the defendant's criminal history category is VI, the United States Sentencing Guidelines ("Guidelines" or U.S.S.G.) sentencing range is 151 months to 188 months of imprisonment.  (PSR ¶ 105.)

The PSR correctly calculates the defendant's criminal history as category VI.  (PSR ¶¶ 34–46.) In addition to a total criminal history score of 12 based on defendant's prior convictions, defendant is in the highest criminal history category of VI given that he is a career offender.  (*Id.*)

The parties and United States Probation Office ("Probation") agree that Guidelines in this case are correctly calculated to be a total offense level of 29, after a three-level reduction for acceptance of responsibility from an offense level of 32 for a career offender for an offense with a statutory maximum term of imprisonment of 20 years or more.  (PSR ¶¶ 20–31.)  While the parties and Probation agree that the total offense level is 29, the number is reached in two different ways:

- Under the parties' calculation set forth in the plea agreement, the two counts are grouped separately and then combined; for the firearm count, the base offense level is 24 under U.S.S.G. § 2K2.1(a)(2) as defendant's conviction follows at least two felony convictions of either a crime of violence or a controlled substance offense, and a two-level enhancement applies under 2K2.1(b)(4)(A) because the firearm was stolen, for an adjusted offense level of 26.  For the narcotics count, the base offense level is 16 under U.S.S.G § 2D1.1(a)(5) given the offense involves more than 100 g of cocaine, a two-level enhancement applies because a firearm was possessed under 2D1.1(b)(1) and another two-level enhancement applies due to mass-marketing by means of an interactive computer service under 2D1.1(b)(7), for an adjusted offense level of 20.  Combined, the two counts' adjusted offense level is 27 under U.S.S.G. § 3D1.4 before the career offender adjustment.  The government maintains that the Guidelines in this case are correctly computed pursuant to the parties' agreement set forth in the plea agreement.

- Under probation's calculation, the two counts are grouped together and the highest offense level is applied using the firearm count, in which the base offense level is 24 under U.S.S.G. § 2K2.1(a)(2), a two-level enhancement applies under 2K2.1(b)(4)(A) for a stolen firearm, and a four-level enhancement applies under 2K2.1(b)(6)(B) for possessing the firearm in connection with another felony offense, for an adjusted offense level of 30 before the career offender adjustment.

Notwithstanding these two subsidiary calculations, the parties and Probation agree that because the defendant is a career offender, the adjusted offense level is 32 under U.S.S.G. § 4B1.1(b)(2), and that the three-level reduction for acceptance of responsibility under § 3E1.1(a) applies, for a total offense level of 29.  (PSR ¶¶ 28–30.)

III.    **DISCUSSION**

A.    **Legal Standard**

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines.  *Id.*

After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a).  *Carty*, 520 F.3d at 991–93.  Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)    the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4)    the need for the sentence imposed to protect the public from further crimes of the defendant; and

(5)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**B.     Sentencing Recommendation**

The government recommends that the Court sentence the defendant Ricci Lee Wynne to a term of imprisonment of 151 months, at the low end of the Guidelines sentencing range, along with three years of supervised release with an expanded search condition agreed upon by the parties, based upon a consideration of the Guidelines and 18 U.S.C. § 3553(a) factors.  Such a sentence would be sufficient, but not greater than necessary to reflect the purposes of sentencing.

First, the seriousness of the offenses weigh in favor of the government's recommended sentence to suitably punish the defendant.  Not only did the defendant mass-market narcotics on Snapchat, he further illegally obtained and possessed a loaded semiautomatic firearm following his five felony convictions at the same time.  Not only does drug trafficking and the illegal possession of firearms each separately place the community at risk, the combination of drug trafficking with illegal firearms multiplies that danger.  A Guidelines sentence would address the need for the sentence to reflect the seriousness of the defendant's offense and provide just punishment for the offense.

Second, the defendant's history and the need to protect the public merits the government's recommended sentence.  Far from a first time offense, this is the defendant's sixth time to be convicted of a felony, following his convictions for arrests in February 2011 (possession of drugs for sale in which defendant drew and exhibited a knife, sentenced to 6 months jail in Santa Clara County), November 2011 (possession of drugs for sale, sentenced to 6 months jail in San Mateo County), January 2012 (first degree burglary involving a knife assault on a victim, sentenced to 1 year jail in Alameda County), March 2012 (possession of drugs for sale, sentenced to 1 year jail in San Mateo County); October 2013 (possession of drugs for sale in which defendant was identified as a "pimp", sentenced to 1 year jail and 4 year suspended prison term in San Mateo County.  (PSR ¶¶ 37, 40–43.)  The defendant was also convicted in five other incidents.  (PSR ¶¶ 34, 35, 36, 38, 39.)  While the defendant's difficult upbringing and struggles with drugs are acknowledged, the defendant's history of drug trafficking convictions along with repeated allegations of violence and human trafficking closely matches the conduct in this case.  This reflects the need for this sentence to both address the defendant's history and protect the public from further crimes of the defendant as the government recommends.

Finally, the government's recommended sentence addresses the need for deterrence.  Imposing a

significant custodial term as the government recommends provides general deterrence against the illegal possession of firearms, particularly in the context of narcotics trafficking. The recommended sentence—including the three years of supervised release with the expanded search condition agreed to by the parties—will also provide specific deterrence to the defendant given his repeated violations and convictions for narcotics trafficking and other crimes that were previously punished with less custodial time. The agreed-upon expanded search condition for supervised release is especially appropriate in light of the defendant's use of electronics and an online messaging application the instant offenses, and will provide for deterrence and rehabilitation.

Accordingly, the government's recommended sentence would be sufficient, but not greater than necessary, to reflect the purposes of sentencing identified in 18 U.S.C. § 3553(a).

## IV.    CONCLUSION

For the foregoing reasons, the United States respectfully recommends that the Court impose a term of imprisonment on the defendant at the low end of the Guidelines sentencing range: 151 months of imprisonment, followed by three years of supervised release with the expanded search condition agreed upon by the parties.

DATED:  June 2, 2021                                        Respectfully submitted,

                                                            STEPHANIE M. HINDS
                                                            Acting United States Attorney


                                                            _____/s/_____
                                                            ERIC CHENG
                                                            Assistant United States Attorney